Rotfin, Chief Justice,
 

 after stating the case as above, proceeded as follows: — It may be remarked in the outset, that this case is clear of every thing that could be said in favour of a third person, who might have become the purchaser under the execution, in the name of Simmons, against Orme, who instituted that suit, and claimed the benefit of the judgment, and was himself the purchaser. The relief we think is clear; the only doubt being, whether it ought not to be by an immediate reconveyance, notwithstanding the small sum applied to the costs of the other case. That the sale under Orme’s own process cannot be sustained, while the essential principles of justice and fairness, constitute any part of the system of equity, as administered in judicial tribunals, no mind we think can doubt. With the objections which might be taken at law, to those proceedings, on the grounds of the order for a new trial, the withholding from the County
 
 *434
 
 Court the paper on which the judgment was rendered, or any matter of the like kind, this court does not deal. We assume that the judgment is right, so far as respects the action of the legal tribunals themselves ; and if that were not so, this court will not undertake to revise them, for. the purpose of correcting either mistakes of facts, or errors in law. But when the party practises a deception upon the court of law, and thereby precludes the opposite party from all defence; when by means thereof, he gets a judgment for a sum of money, of which no part is due; and then further by Concealment and falsehood, defeats every fair effort, made by the ordinary legal means for re-examining his judgment, a court of equity will restrain such a party from the unconscientious use of a legal advantage, thus fraudulently obtained, and thus fraudulently kept up. It is clear in the first place, that there was no debt in this case, and that Orme was quite sensible of it. This wpafcT riot, be material, merely as it would show the judgment to be wrong, in a case in which the party sued' had made defence, or had the opportunity of making it; but it becomes a most material inquiry, when there has, in fact, been no defence, but it has been lost, apparently, by the contrivances of the plaintiff, as evidence of the motive of those contrivances. Besides the direct testimony of the witnesses, as to the nature of the demand, and of its being entirely unfounded, it is also strongly to be inferred from the circumstance that Orme took possession of the written instrument on which he got the judgment, and did not have it returned to court with the judgment, but has suppressed it altogether; from the mode in which he took the judgment, just before Ward might be expected at the place of trial, according to the summons, and just before he did arrive; from his subsequent refusal to come to another trial; and the steps taken to enforce the judgment after he knew that it had been superseded, or at least that Ward thought it had, 'without the least intimation to Ward of his intentions, the court cannot but find that Orme designed deliberately to deprive the other party of all opportunity of defence, in the first instance, and subsequently of all the ordinary legal means
 
 *435
 
 of redress, either on the merits, or the matter of law. The mark seems to have been this land, for from the levy, we must take it that Ward had no personal property, nor it seems much of any thing, for in this suit he appears as a pauper. It W'ould be bad enough, by contrivance, to put such a man under the necessity of giving security for the debt, to obtain a trial
 
 de novo;
 
 but it was yet worse, to bring his land to sale, under circumstances in their nature calculated to diminish the price; and then after buying it, to tell him to reverse the judgment at law, and get restitution, not of the land, but of the money it brought. Throughout the proceedings we are obliged to perceive the anxious purpose, by means of circumvention and contrivance, to defeat this poor man of the semblance of a trial, and to take from him his land, for a claim having no existence. The title derived under such proceedings by the author of them, must be null.
 

 When land is sold under two judgments,1 onefair and the other fraudulent, and is purchased by the plaintiff in the latter whose money is paid to both, the deed of the sheriff shall stand only as a security ibr the sum paid to the former; and
 
 it seems
 
 he shall not have this protection, if the sale under both is procured by his fraudulent management.
 

 But reliance is placed by the defendant on Bryant’s judgment and execution, to render the title indefeasible. We think it cannot have that effect, although that is admitted to be fair. If a sale under that execution had been rendered necessary, in order to secure those costs, by Orme’s pressing a sale under his own, whereby the lien of the first would be lost, it, perhaps, would not be a hard measure of justice, to hold that the whole sale was so far imbued with oppression and undue advantage, that the contriver should not profit by it, to any purpose; but the court cannot declare that the sale was, in fact, made for the costs on Bryant’s execution, but rather the contrary. Such was the declaration of the sheriff to Ward, who was clearly under that impression. The recital in the sheriff’s deed is not positively inconsistent with that supposition. After the sale, the sheriff may have satisfied those costs out of the purchase money, because that was the only fund out of which he could then make them, and may have thought it proper, for that reason, to recite that execution in his deed. The circumstance may be accounted for in that way, and is, in itself, probable, rather than the supposition that the sheriff combined with Orme, to have the sale under both writs, notwithstanding his assurance to
 
 *436
 
 the contrary; especially when there is no evidence from a bystander, that the sheriff did thus sell, in violation of his first declaration. Taking this to be the truth of the case, we must regard the sum of four dollars and ninety-two cents of Orme’s money, as having been applied by the sheriff to Ward’s use, and to that extent the sheriff’s deed must stand as a security, but no farther.
 

 A purchaser at sheriff’s sale is affected with all the equities which bind the person whose interest he buys ; and in fact, is not within the rule which protects a purchaser without notice.
 

 The present defendant is in no better situation than Orme, in whose shoes he stands. The denial of personal notice cannot avail him. The possession of Ward, and the express [notice to his agent, affect him. Besides being a purchaser at sheriff’s sale, his case is governed by the principle of
 
 Freeman
 
 v.
 
 Hill,
 
 lately in this court; and he can only get the title of the defendant in the execution.
 

 The decree must therefore be, that the deed to Orme is good only as a security for the sum of four dollars and ninety-two cents ; and that upon the payment thereof by the plaintiff to the defendant, the latter shall convey the land in the pleadings and exhibits mentioned, to the plaintiff the devisee of the original plaintiff, free from any incumbrance by the defendant created, by a deed, to be approved by the master, and the injunction be perpetuated. The defendant must pay all the costs at law and in equity.
 

 Pee. CuRiam. Decree accordingly.